UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TYRELL GARNER, #384934,                )
                                       )
    Plaintiff,                         )
                                       )        No.: 1:14-cv-262-CLC-CHS
v.                                     )
                                       )
HAMILTON COUNTY SHERIFF'S              )
DEP'T,                                 )
                                       )
    Defendant.                         )

## MEMORANDUM & ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983, in which Plaintiff alleges that he was subjected to unconstitutional treatment while he was confined in the Hamilton County jail. Pursuant to the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and must *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

In screening complaints, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal

pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

Plaintiff explains that he filed this case on the grounds that he was assaulted "in the Hamilton County Sheriff's Department" and, notably, this entity is the single named Defendant in this lawsuit [Doc.1 p.1].

This is important because the Hamilton County Sheriff's Department is not a suable entity under § 1983. *See Monell v. New York City Dep't of Soc. Servs*, 436 U.S. 658, 688-90 & n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"). The Hamilton County Sheriff's Department is not a municipality but is merely a municipal agency or department of Hamilton County. Thus, the Hamilton County Sheriff's Department is not a separate legal entity which can be sued, as it is neither a "person" nor a political or corporate body within the terms of § 1983.

Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued); *Newby v. Sharp*, No. 3:11-cv-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012) (same, county sheriff's department); *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D. Tenn. 1984) (noting that "[w]hile state law makes the sheriff the appropriate defendant in such an action, the Sheriff's department itself is not a suable entity under Section 1983") (citing *Williams*

2

*v. Baxter*, 536 F.Supp. 13, 16 (E.D. Tenn. 1981)); *see also Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007) ("Unlike a county sheriff's office, the sheriff himself may be considered a proper legal entity for purposes of suit under § 1983."). This Court likewise has so held with respect to the Hamilton County Sheriff's Department. *Smith v. Ritter*, No. 1:12-CV-417, 2013 WL 3753984, at *4 (E.D. Tenn. July 15, 2013) (holding that "the Hamilton County Sheriff's Department is not a suable entity for § 1983 purposes").

Thus, because the Hamilton County Sheriff's Department is not an entity that is subject to a § 1983 action, Plaintiff fails to state a claim against this Defendant.

Even so, Plaintiff asserts in his complaint that on April 18, 2014, he was assaulted at the Hamilton County jail, as a result of which he sustained a broken jaw, which required surgery [Doc. 1 p.2]. However, due to a delay in having surgery, Plaintiff's mouth is now disfigured and his bottom lip is numb [*Id*.]. Ultimately, nerve sensation in those parts of his body will be deadened [*Id*.].

The Supreme Court has held that, under the Eighth Amendment, punishments involving the unnecessary and wanton infliction of pain extends beyond barbarous physical punishments and can include the conditions under which an inmate is confined. *Rhodes v. Chapman*, 452 U.S. 337, 345-47 (1993). An Eighth Amendment claim is composed of two parts: an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). The objective component in a failure-to-protect claim requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. A defendant exhibits deliberate

3

indifference where he "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837.

Even if Plaintiff had named a Defendant amenable to suit under § 1983, the Court would not see a constitutional violation because there is no evidence of deliberate indifference with respect to the claimed assault. This is so because Plaintiff has failed to establish that any individual was aware of facts from which it could be inferred that Plaintiff faced a substantial risk of harm from the alleged assault and that such an individual actually drew that inference, but failed to act to rescue Plaintiff from the risky situation. *Id*. at 837. Consequently, this claim is missing contentions to show the subjective prong of an Eighth Amendment failure-to-protect claim and it, therefore, falters.

To the extent that Plaintiff is also attempting to allege an Eighth Amendment claim for delay of medical care, he fails to state a claim here too because he has not shown that anyone was deliberately indifferent to his serious medical needs. Plaintiff has submitted the response to a grievance he filed on April 23, 2014, which reflects that Plaintiff was taken to the Erlanger Hospital immediately after the assault [Doc. 1-1]. Upon his discharge from the hospital, a jail official made him an appointment for a plastic surgery consultation, but the appointment had to be rescheduled due to a conflict with one of Plaintiff's court appearances [*Id*.].

Even if the Court assumes that someone at the jail knew that Plaintiff had a serious medical need for surgery, a jail official who takes reasonable measures to abate the harm is not liable under the Eighth Amendment because the official has not acted with deliberate indifference. Making and rescheduling an appointment for a consultation with a plastic surgery clinic constitutes a reasonable step to eliminate any potential harm to Plaintiff. *Farmer*, 511

4

U.S. at 836 (finding that a prison official who takes reasonable measures to abate the risk avoids liability, even if the harm ultimately is not averted).

Moreover, the above-described actions on the part of jail officials cannot be characterized as deliberate indifference, a state of mind defined as "deliberateness tantamount to intent to punish." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). At most, there may have been negligence involved in the scheduling of Plaintiff's appointment with the plastic surgery specialists, but "[d]eliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted).

In light of the above law and analysis, this case will be **DISMISSED** *sua sponte* for failure to state a claim for relief. Had Plaintiff alleged an arguable § 1983 claim, the Court would have allowed him to amend. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (finding that "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"). But since the Court has concluded that Plaintiff has not stated a colorable constitutional claim, his case will be dismissed *sua sponte*.

Finally, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith. Therefore, should Plaintiff file a notice of appeal from this decision, he must also submit either: (a) the $505.00 appellate filing fee or (b) a motion for leave to appeal *in forma pauperis*, his financial affidavit, and a certified copy of his inmate trust fund showing the transactions in the account for the last six months. 28 U.S.C. § 1914(a)(2).

**AN APPROPRIATE ORDER WILL ENTER.**

5

**ENTER.**

/s/_____
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**